Calhoun *vs.* The Mayor and Council of Atlanta.

J. P. CALHOUN, for use of, etc., plaintiff in error, *vs.* THE MAYOR AND COUNCIL OF ATLANTA, defendant in error.

When the plaintiff obtained a verdict against the defendant for the sum of $99 45, and a judgment was entered thereon by the plaintiff's attorney, leaving the amount of the costs to be recovered in blank, to be taxed by the Clerk, and afterwards the plaintiff and defendant agreed to settle the judgment under the following circumstances:   "It is agreed between counsel for plaintiff and defendant, that defendant declines to settle the above stated case if the defendant has to pay the costs of plaintiff's witnesses; that defendant would settle if plaintiff would receipt the judgment in said case as follows:  Received of the defendant $106 00, in full of the within judgment; that said receipt was given as demanded by plaintiff, and the principal and interest paid in full, the Clerk's costs having been previously paid; that at the time plaintiff's counsel refused to agree that plaintiff should be liable for any costs, defendant's counsel stating that he would risk the receipt as above described." Afterwards, a motion was made by the plaintiff to enter a judgment *nunc pro tunc* for the use of his witnesses for the cost due them, which motion was refused by the Court, whereupon the plaintiff excepted:

*Held,* That it was the right of the plaintiff to have had all the legal costs due in the case, including the costs of plaintiff's witnesses, taxed by the Clerk, and inserted in the blank left in the judgment for that purpose, and to have proceeded to collect the principal, interest and cost, by due process of law, but, inasmuch as the plaintiff agreed to settle the judgment on the terms proposed by the defendant, with a full knowledge of all the facts, and gave a receipt in full of the within judgment, there was no error in the refusal of the Court to allow the motion to enter a judgment *nunc pro tunc* against the defendant for the costs due the plaintiff's witnesses.

Costs.   Estoppel.   Judgments *nunc pro tunc*.   Before Judge LOCHRANE.   Fulton Superior Court May Term, 1871.

In May, 1869, Calhoun obtained a verdict against the Mayor and Council of Atlanta, for $99 46, and entered judgment thereon for said sum as principal, and for "$—— for his costs in this behalf expended," etc.   The defendant sued out a writ of error to this Court.   Pending that writ of error, the parties were in treaty as to settling the case. Defendant would not agree to pay the fees of plaintiff's wit-

nesses, but said he would pay if plaintiff would receipt the *fi. fa.* as follows: "Received of the defendant the sum of $106 00, in full of the within judgment." Plaintiff's counsel refused to agree that plaintiff should pay his own witnesses' fees. Defendant's counsel replied that he would pay said amount, $106 00, (which was in full of principal and interest,) if said receipt was given, and would risk the effect of the receipt. The receipt was then signed, and the $106 00 was paid. Afterwards, plaintiff's counsel brought the foregoing facts to the notice of the Court and prayed to fill said blank in the judgment for costs, *nunc pro tunc*, with the sums due by plaintiff for the fees of plaintiff's witnesses.

Besides the above, it was agreed that the Clerk's costs had been paid, and that no costs were entered into said judgment or *fi. fa.*, though the witnesses had proved their subpœnas, and delivered them to the Clerk on the day that the judgment was entered up, and before the *fi. fa.* was issued. And it seems to have been conceded that these witnesses were sworn on the trial. The proceeding was in the name of the plaintiff, for the use of the witnesses named in the motion. The Court overruled the motion, and that is assigned as error.

T. P. WESTMORELAND, HILL & CANDLER, for plaintiff in error, said costs should be entered in the judgment: R. Code, secs. 3635, 3625. As to power of Courts to correct judgments: Secs. 194, 3448, 3449, 3444, 3447, 3450; 1st Kelly, 469 and 92.

W. T. NEWMAN, City Attorney, for defendant. Plaintiff personally liable to his witnesses: R. Code, sec. 3789. When he got judgment he had right to enter therein the amount of the witnesses' fees: Secs. 3635, 3500. There is no privity between plaintiff's witnesses and defendant. They can proceed in their own names against defendant, and plaintiff said settlement estops him from doing so.

WARNER, J.

On the statement of facts disclosed by the record in this case, there was no error in the refusal of the Court to allow the motion to enter a judgment *nunc pro tunc* against the defendant for the costs due the plaintiff's witnesses.

Let the judgment of the Court below be affirmed.